and explicit. Where the law is in any degree ambiguous, and will admit of two constructions, one consonant to justice and humanity, the other contrary to these principles, it never should be done. Judges in the worst of times have been ashamed to do what we are called upon to do, unless where the construction was forced upon them, and was unavoidable. Let us not, in this government professedly founded upon the rights of human nature, begin our administration of justice with the doctrines and maxims which sometimes dishonored the character of the nation from which we and our institutions have alike sprung; and let us never, if it can be avoided, involve innocence in those punishments, and subject it to those penalties which should be reserved exclusively for the head of the guilty.

We are therefore unanimously in favor of entering judgment for the plaintiff.

CITED *in Den* v. *Dubois,* 1 *Harr.* 285; *Den* v. *Robinson,* 2 *South.* 715.

---

[362] TODD, ATTORNEY IN FACT FOR MORGAN, v. PHIFER.

It is error to bring an action in the name of the attorney in fact.

*Certiorari* to Justice Hugg.

In this case the court reversed the judgment because the action had been brought before the justice in the name of Todd, the attorney in fact.

---

TAYLOR v. WILSON.

No action lies to recover the expenses to which a party has been put, by being improperly sued.

On *certiorari.*

Taylor v. Wilson.

It appeared from the return in this case, that Taylor, the defendant bélow, had been summoned to answer Wilson "in a plea of damage." Wilson's action appeared to have been in part to recover from Taylor certain costs and expenses which he had incurred in defending himself in a suit brought against him by Taylor, before Justice Tatem, in which the justice decided there was no cause of action.

PER CUR. This judgment must be reversed; no action lies for such expenses, though there can be no doubt Wilson has been injured.